IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ZAYO GROUP, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:25-cv-00367 (MSN/WBP) |
| SOLUTIONS FIBER OPTIC, INC., | ) ) ) |
| Defendant. | ) |

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

Before the Court is Zayo Group, LLC's ("Zayo") Motion for Default Judgment against Solutions Fiber Optic, Inc. ("SFO"). ("Motion"; ECF No. 9.) This serves as a proposed findings of fact and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C), and a copy will be provided to all interested parties.

## I.  Procedural Background

On February 25, 2025, Zayo filed a Complaint against SFO for trespass and negligence. (ECF No. 1.) On February 27, 2025, the Clerk of Court issued summons to serve on SFO (ECF No. 4), after which an affidavit of service was filed with the Court reflecting that a private process server served SFO on March 6, 2025 (ECF No. 5). SFO had to file a responsive pleading by March 27, 2025, which it failed to do. FED. R. CIV. P. 12(a).

On May 29, 2025, the district judge entered an order directing Zayo to request an entry of default from the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 6.) On June 4, 2025, Zayo asked the Clerk to enter a default against SFO (ECF No. 7), which the Clerk entered on June 5, 2025 (ECF No. 8). On June 12, 2025, Zayo filed this Motion. (ECF No. 9.) On July 9, 2025, at the undersigned's request, Zayo supplemented the Motion in support of its

calculation of damages. (ECF No. 13.) The Court held a hearing on Zayo's Motion on July 11, 2025. Zayo's counsel appeared, but no one appeared on behalf of SFO.

## II. Factual Background

The Complaint (ECF No. 1) and Motion (ECF No. 9) establish the facts below.

Zayo is a telecommunications company that provides interstate telecommunications services through a network of telecommunications cables that are buried underground. (ECF No. 1 ¶ 5.) By statute, agreement, and permission from the Commonwealth of Virginia, Zayo has the right to construct, operate, maintain, and reinstall a fiber-optic cable system underground in the right-of-way at or near 2112 Gallows Road, Vienna, Virginia, 22182 ("Gallows Road Site"). (*Id.* ¶ 6.) In accordance with this right, Zayo installed fiber-optic cables underground in the right-of-way at the Gallows Road Site ("Cables"). (*Id.*) On or about February 25, 2022, SFO—without Zayo's knowledge or consent—began an excavation project using mechanized equipment at the Gallows Road Site and damaged Zayo's Cables. (*Id.* ¶¶ 8-9.) Zayo claims to have sustained damage to and loss of use of the Cables, which has resulted in actual damages to Zayo in the amount of $131,197.75. (*Id.* ¶ 14.)

## III. Proposed Findings of Fact and Recommendations

Rule 55 of the Federal Rules of Civil Procedure allows entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Because SFO has failed to respond or otherwise defend the action, the Clerk entered default against it. (ECF No. 8.)

Once in default, the facts alleged in a complaint are considered admitted against the defendant, and the appropriate inquiry is whether the facts alleged state a claim. *See* FED. R. CIV. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a

responsive pleading is required and the allegation is not denied."); *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). Even so, the court does not automatically consider as admitted the amount of damages. *See* FED. R. CIV. P. 8(b)(6). Instead, Federal Rule of Civil Procedure 55(b)(2) allows the court to conduct a hearing to determine the amount of damages, to establish the truth of any allegation by evidence, or to investigate any other matter when necessary to enter or carry out judgment.

  A. **Jurisdiction and Venue**

A court must establish both subject matter jurisdiction over a claim and personal jurisdiction over a party-in-default before a default judgment may be entered.

As for subject matter jurisdiction, district courts are vested with "original jurisdiction of all civil actions where the matter of controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

Zayo is a Delaware limited liability company. (ECF No. 1. ¶ 1.) Zayo's sole member is Zayo Group Holdings, Inc., a Delaware corporation with its principal place of business in Colorado. (*Id.*) SFO is a Virginia corporation with its principal place of business in Alexandria, Virginia. (*Id.* ¶ 2.) Zayo seeks a damages award greater than $75,000.00. (*Id.* ¶ 3.) Thus, because Zayo and SFO are citizens of different states, and because the amount in controversy exceeds $75,000.00, the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).

This Court has personal jurisdiction over SFO, as it is a resident of Virginia. SFO is a corporate entity formed under Virginia law with a principal place of business in Alexandria, Virginia. (ECF No. 1 ¶ 2.) Because SFO is "at home" in the Eastern District of Virginia, the Court has general personal jurisdiction over it. *See Symbology Innovations, LLC v. Lego Sys.,*

3

*Inc.*, 282 F. Supp. 3d 916, 936 (E.D. Va. 2017) (noting that general personal jurisdiction exists where defendant's affiliations with the state are so "continuous and systematic"—such as a corporation's place of incorporation or principal place of business—that a defendant is essentially at home in the state).

As for venue, it properly lies in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1)-(2). Because SFO is a resident of this District, venue is proper in this Court under 28 U.S.C. § 1391.

For these reasons, the undersigned finds that the Court has subject matter and personal jurisdiction over this action and that venue is proper.

**B.    Service**

Federal Rule of Civil Procedure 4(h)(1)(B) allows a corporation to be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." According to the Affidavit of Process Server filed with the Clerk, on March 6, 2025, a private process server served SFO's registered agent—AA Consultant Group, Inc. (ECF No. 5.) Thus, SFO was properly served with the summons and Complaint.

**C.    Grounds for Entry of Default**

Under Federal Rule of Civil Procedure 12(a), SFO needed to file a responsive pleading within 21 days after it was served with the summons and Complaint. FED. R. CIV. P. 12(a). SFO was served on March 6, 2025, making responsive pleadings due on March 27, 2025. Because SFO failed to file a responsive pleading by its deadline, on June 4, 2024, Zayo asked the Clerk of

Court to enter a default against SFO, which the Clerk entered on June 5, 2025. (ECF Nos. 7 and 8.)

      D.    **Liability**

Under Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because SFO is in default, the Complaint's factual allegations are admitted as to it. *See* FED. R. CIV. P. 8(b)(6).

      1.    **Trespass to Chattels**

Zayo's first claim is trespass to chattels. (ECF No. 9 ¶ 14.) Under Virginia law, trespass to chattels occurs when a party "intentionally uses or intermeddles with [another's] personal property . . . without authorization." *Michael Pellis Architecture PLC v. M.L. Bell Constr. LLC*, 693 F. Supp. 3d 594, 607 (E.D. Va. 2023) (quoting *Am. Online v. IMS*, 24 F. Supp. 2d 548, 550 (E.D. Va. 1998)). A person who commits trespass to chattels will be liable if "the chattel is impaired as to its condition, quality, or value." *SecureInfo Corp v. Telos Corp.*, 387 F. Supp. 2d 593, 621 (E.D. Va. 2005).

Here, SFO excavated near the Gallows Road Site without the knowledge or consent of Zayo. (ECF No. 1 ¶ 8.) During the excavation, SFO severed Zayo's Cables, which impaired the use of the Cables, and now Zayo must repair the Cables. (ECF No. 9 ¶ 14; ECF No. 9-1 ¶ 6.) Accordingly, the undersigned finds that SFO committed trespass to chattels when it's excavation project at the Gallows Road Site severed Zayo's Cables.

      2.    **Negligence**

Zayo also asserts a claim for negligence. To prove a negligence claim under Virginia law, a plaintiff must show that (1) defendant had a legal duty, (2) defendant breached that duty, (3) defendant's breach was the proximate cause of plaintiff's injury, and (4) plaintiff was injured.

5

*See Al-Saray v. Furr*, 910 S.E.2d 320, 324 (Va. 2025). The duty of care a defendant owes to foreseeable plaintiffs is that of a "prudent person, taking into consideration the circumstances presented to" the defendant. *Johnson v. Westlake Flooring Co., LLC*, 744 F. Supp. 3d 622, 626 (E.D. Va. 2024).

At the Gallows Road Site, SFO had a duty to act as a reasonably prudent excavator. SFO breached this duty to Zayo by—among other things—failing to determine the approximate location of the Cables, failing to plan the excavation to avoid interfering with the Cables, and failing to take adequate measures to ensure the Cables would not be damaged during the excavation work. (ECF No. 1 ¶ 13.) SFO's excavation at the Gallows Road Site proximately caused damage to Zayo's Cables, and Zayo has sustained damage to and loss of use of the Cables. (*Id.* ¶ 14.) Thus, the undersigned finds that SFO was negligent.

### E.  **Damages**

As damages, Zayo requests $131,197.75 in actual damages, costs of pursuing this action, and post-judgment interest. (ECF No. 9 at 6.)

#### 1.  **Actual Damages**

To support its claim for actual damages, Zayo relies on the Declaration of Matt Regan in Support of Zayo's Motion for Default Judgment, the Supplemental Declaration of Matt Regan in Support of Zayo's Motion for Default Judgment, and the exhibits that accompany these declarations. (ECF Nos. 9-1 and 13-1.) Mr. Regan serves as Zayo's Head of Finance, and he has reviewed Zayo's business records related to the injury to its Cables. (ECF No. 9-1 ¶ 2.) This Court may rely on Mr. Regan's affidavits and the accompanying exhibits to support an award of damages because "damages can be ascertained based on detailed affidavits or documents

6

attached to the plaintiff's motion." *CMA CGM S.A. v. Dubitec Am., Inc.*, No. 2:14CV608, 2015 WL 5837571, at *3 (E.D. Va. Oct. 2, 2015).

SFO's improper actions caused Zayo damages totaling $131,197.75 which includes the costs of materials, costs to hire outside contractors, internal labor costs, costs to repair the Cables, and costs to investigate the damage. (ECF No. 9-1 ¶ 6.) Zayo spent $109,085.00 on outside contractors, $5,000.00 on in-house labor, and $17,112.75 on administrative costs. (*Id.* ¶ 7.) The undersigned recommends therefore that this Court order SFO to pay Zayo $131,197.75 in actual damages.

### 2. Costs

Zayo also asks for reimbursement of its costs for bringing this action. (ECF No. 9 at 6.) To support Zayo's request for costs, Zayo attached to its Motion the Declaration of Joshua W. Cox. (ECF No. 9-2.) Mr. Cox is Zayo's counsel, and he confirms that Zayo incurred $554.35 on filing and process server fees. (*Id.* ¶¶ 4, 6.) Thus, the undersigned recommends that this Court order SFO to pay $554.35 in costs.

### 3. Post-Judgment Interest

Finally, Zayo requests post-judgment interest at the maximum rate permitted by law. (ECF No. 9 at 6.) "Federal law mandates the awarding of post-judgment interest" on any money judgment obtained in a civil case in district court. *Quesinberry v. Life Ins. of N.A.*, 987 F.2d 1017, 1031 (4th Cir. 1993). Interest is calculated from the date of the entry of the judgment at a rate "equal to the weekly average 1-year constant maturity Treasury yield, as published by . . . the Federal Reserve . . . for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a). Accordingly, the undersigned recommends an award of post-judgment interest at the rate provided by 28 U.S.C. § 1961.

## IV. **Recommendation**

The undersigned recommends entry of default judgment for Zayo and against SFO. The undersigned finds that the submitted pleadings establish that Zayo has a right to a default judgment and an award of damages in the amount of $131,197.75. The undersigned also recommends that SFO pay Zayo's costs and post-judgment interest at the rate provided in 28 U.S.C. § 1961.

## V. **Notice**

Through the Court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to AA Consultant Group, Inc.—SFO's registered agent—at 4900 Leesburg Pike, Suite 207, Alexandria, Virginia, 22302, the parties are notified that objections to these proposed findings of fact and recommendations must be filed within 14 days of service of this proposed findings of fact and recommendations, and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

Entered this 11th day of July 2025.

William B. Porter
United States Magistrate Judge

Alexandria, Virginia